# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry R. Schotz, | No. CV-09-703-TUC-FRZ (DTF) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| Craig Apker, | |
| Respondent. | |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1] Petitioner, Barry R. Schotz, currently confined in the Federal Prison Camp in Tucson, AZ, alleges that the Bureau of Prisons (BOP) failed to apply the appropriate factors when designating Petitioner's place of imprisonment, thereby denying him placement in a Residential Re-entry Center (RRC); failed to request a transfer for Petitioner; and abused its discretion by not considering RRC placements for inmates until the last 17-19 months of an inmate's sentence. Petitioner requests immediate consideration for transfer to an RRC. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition and supporting Memorandum (Docs. 1, 5, 7, 8), Respondent's Answer (Doc. 15), and Petitioner's Reply (Doc. 17). The Magistrate Judge recommends the District Court, after its

---

[1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

independent review of the record, dismiss the petition.

## SUMMARY OF THE CASE

Petitioner is serving a 189-month sentence, followed by 3 years of supervised release, for wire fraud in violation of 18 U.S.C. § 1343. (Doc. 15-1 at 9.) He is projected to be released from prison via good time conduct on June 23, 2019. (*Id*.)

Petitioner was initially incarcerated at the Federal Medical Center, Rochester, Minnesota, in October 2005. (Doc. 15-1 at 6; Doc. 1 at 89; Doc. 7 at 5.) In July 2006, Petitioner was transferred to the Federal Correctional Institution (FCI) at Big Spring, Texas, due to a BOP reassignment of inmates. (Doc. 1 at 89; Doc. 15-1 at 6; Doc. 7 at 5.) In September 2009, after Petitioner's custody classification was designated as minimum, he was transferred to the camp at the United States Penitentiary (USP), Tucson. (Doc. 7 at 5; Doc. 15-1 at 5.)

## DISCUSSION

**A.     Exhaustion of Administrative Remedies**

Respondent contends Petitioner failed to exhaust his administrative remedies prior to filing the pending petition. In response, Petitioner contends that exhaustion would have been futile.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." *Brown*, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*; *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required. . . . But where Congress has not clearly required exhaustion, sound judicial discretion governs." (internal citations omitted)), *superceded on other grounds*, 42 U.S.C. § 1997(e).

As discussed below, the Court finds that Petitioner exhausted only Claim 2. However, because exhaustion is not jurisdictional and the petition is without merit, the Court finds it most expedient to address the claims on the merits.

**B.     Petitioner's Claims**

Petitioner's general argument is that BOP has failed to consider placing him in a non-federal facility, i.e., an RRC. Specifically, Petitioner alleges BOP failed to consider the mandatory criteria under 18 U.S.C. § 3621(b) when addressing his designation/transfers, refused to request a transfer for him, and has a policy of not considering RRC placement until the last 19 months of an inmate's sentence. As pointed out by Petitioner in his Reply (Doc. 17), Respondent did not address Petitioner's three delineated arguments; rather, Respondent's Answer addressed only Petitioner's general request for immediate RRC consideration (Doc. 15).

**Claim 1**

Petitioner alleges BOP failed to consider an RRC placement when designating him to Rochester, Minnesota in October 2005; when transferring him to Big Spring, Texas in April 2006; when considering his near-home transfer request in August 2008; and when considering his second near-home transfer request in March 2009. (Doc. 7 at 5.) Petitioner clarified in his Reply that he never has made a direct request for placement in an RRC. (Doc. 17 at 2.) Accordingly, Petitioner did not exhaust any part of this multi-part claim.

Petitioner asserts that, in designating and transferring him, BOP failed to apply the mandatory factors of 18 U.S.C. § 3621(b) and categorically excluded considering an RRC placement for him. Section 3621 provides, in relevant part:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
>     (1) the resources of the facility contemplated;
>
>     (2) the nature and circumstances of the offense;
>
>     (3) the history and characteristics of the prisoner;

> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . . .
>
> The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

Petitioner has presented no evidence, either by declaration or document, demonstrating that when BOP designated his place of incarceration it failed to consider the five factors in violation of the statute. Moreover, Petitioner only alleges factor number 4 was not considered. To support this argument Petitioner merely asserts BOP failed to consider the sentencing court's recommendation that he be housed near his family. Again, there is no evidence to support this contention. The fact that he was not transferred to the only facility he considers close enough to his family, does not indicate BOP failed to consider the court's recommendation. Petitioner's assertions are not evidence, hence his argument that these transfers violated § 3621(b) is without support.

Petitioner argues that the statute requires the BOP to consider ALL correctional facilities, whether operated by BOP or "otherwise," each time an inmate is designated to a facility. The statute does not support that interpretation. Rather, BOP is required to consider five factors – resources of facility under consideration, offense circumstances, prisoner characteristics, sentencing court input, and Sentencing Commission policy statements – each time it designates or transfers an inmate. 18 U.S.C. § 3621(b). By virtue of the fact that one of the criteria is the resources of "the facility" contemplated, the statute necessarily envisions that BOP be assessing one or a group of facilities, not every facility, at the time it applies the mandatory criteria. This point is illustrated by Petitioner's transfer requests. He requested a transfer to a specific facility

- 4 -

– FCI Lompoc (or another low security western facility) in 2008 and 2009. BOP considered these requests but denied them.[2] He was subsequently transferred to the camp at USP Tucson. Nothing in § 3621(b) required BOP to consider an RRC placement when Petitioner requested transfer to a BOP facility. Similarly, there is nothing in the record suggesting BOP did not consider the five mandatory criteria when assessing Petitioner's transfer requests.

Petitioner argues that BOP did not consider an RRC placement due to governing BOP regulations, 28 U.S.C. §§ 570.20, 570.21. Petitioner is correct that those regulations previously precluded RRC consideration if an inmate was beyond the last ten percent of his sentence. However, they were invalidated for that reason. *See, e.g., Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008). These regulations were subsequently revised and no longer preclude RRC placement based on the remaining length of a prisoner's sentence. 28 U.S.C. §§ 570.20, 570.21 (2010). In conjunction with that change, the Department of Justice issued a memorandum to BOP on November 14, 2008, addressing inmate requests for RRC transfers more than twelve months from the end of their sentences. (Doc. 15-1 at 17.) That memorandum informs BOP staff that RRC placement is an option any time during an inmate's prison sentence and, in assessing such a request, staff should consider the five factors from § 3621(b). (*Id.* at 17-18.) This memorandum is in accord with the Ninth Circuit's holding that if transfer to an RRC is requested, BOP must consider these same factors and cannot categorically exclude such placement based on the length of an inmate's sentence. *Rodriguez*, 541 F.3d at 1187.

In sum, Petitioner has never requested RRC placement, the governing statutes and regulations do not preclude such placement, and he has not demonstrated that he has ever been denied such placement on the unlawful ground he alleges.

**Claim 2**

Petitioner alleges that, from July 17, 2006, to August 19, 2008, the warden refused to

---

[2] These requests were denied based on population pressure at BOP's western region facilities. (Doc. 1 at 76.) Petitioner alleges that this response necessarily proves that BOP did not consider an RRC facility. As discussed above, nothing in the statute or any regulation or policy requires that BOP consider alternative placements when an inmate requests a transfer to one specific location.

- 5 -

request that the Designation and Sentence Computation Center (DSCC) transfer Petitioner. In support of this claim, Petitioner cites generally the entirety of exhibit A, which is more than fifty pages long. (Doc. 7 at 6; Doc. 1 at 16-67.) Based on review of that exhibit, the Court ascertained the following relevant facts. Petitioner asked that the warden request a "nearer-release" transfer for him to FCI Lompoc, California. His request was denied because he had not served eighteen months in the general population at his current facility, FCI Big Spring, Texas. (Doc. 1 at 31, 35.) However, on August 19, 2008, and March 16, 2009, the warden requested a transfer on his behalf to FCI Lompoc or another "low" institution in the west. (Doc. 1 at 90, 92.) Petitioner completed a full round of administrative exhaustion on this issue in 2007. (Doc. 1 at 30-35; Doc. 15-1 at 15.)

To obtain a writ of habeas corpus, Petitioner must show that "[h]e is in custody in violation of the Constitution or laws or statutes of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has not alleged what federal law or constitutional provision was violated by the denial of his transfer request, therefore, habeas relief is not available. Further, there is no remedy currently available for the alleged violation. *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (dismissing a complaint as moot because the court was without power to grant the requested relief). After the time period in which Petitioner alleges the violation occurred, up to August 2008, the warden made two requests for Petitioner's transfer. Petitioner subsequently was transferred to the camp at USP Tucson. Additionally, Petitioner's only requested relief in his habeas petition – immediate consideration for RRC placement – has no relationship to this claim.

Claim 2 fails because Petitioner has not alleged a federal violation and because Petitioner does not seek, nor is there available, any remedy for the alleged violation.

**Claim 3**

Petitioner alleges that BOP policy violates 18 U.S.C. § 3621(b) by precluding consideration of RRC placement until the last 17 to 19 months of an inmate's sentence. Petitioner alleges that BOP calculates a "pre-release preparation date" based on ten percent of the imprisonment term, and refuses to discuss RRC placement until that time. Petitioner has not

exhausted this claim.

The governing statutes and BOP policies do not support Petitioner's argument. The Ninth Circuit, in accord with several other circuits, held that BOP cannot categorically exclude prisoners from consideration for placement in an RRC based on the length of their remaining sentence. *Rodriguez*, 541 F.3d at 1187; *see also Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005). Current statutes and regulations are in compliance with these rulings. There is a statutory provision regarding release that requires BOP to consider inmates for placement in an RRC for some portion of the final year of their sentence.[3] 18 U.S.C. § 3624(c). However, the courts have said that language does not restrict BOP from placing an inmate in an RRC prior to the final year of their sentence, based on the criteria set forth in § 3621. *See, e.g., Rodriguez*, 541 F.3d at 1184-85. The release statute was subsequently revised to provide, "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. § 3624(c)(4).

Petitioner has not pointed to any regulations or BOP policy that precludes RRC consideration prior to the last ten percent of an inmate's sentence. The regulations that used to provide such a restriction were held invalid and revised to remove the prohibitory language. *See* 28 C.F.R. §§ 570.20, 570.21. Additionally, Program Statement 7310.04[4] clarifies that "the Bureau is not restricted by § 3624(c) in designating a CCC[5] for an inmate and may place an inmate in a CCC for more than" the last ten percent of the sentence or more than six months.

---

[3] Petitioner submitted a June 24, 2010 guidance memo addressing RRC placements for pre-release inmates, pursuant to § 3624. (Docs. 19, 22.) Because he is not in "pre-release status" this memo is irrelevant to his claim.

[4] A Program Statement is an internal, interpretive rule promulgated by the BOP. *See Muniz v. Sabol*, 517 F.3d 29, 39-40 (1st Cir. 2008). Program Statement 7310.04 is available at http://www.bop.gov/policy/progstat/7310_004.pdf (last viewed 1.1.10).

[5] The term Community Corrections Center (CCC) was the previous term for what is now referred to as a Residential Re-entry Center.

*Id.* at 4. Finally, governing regulations, 28 C.F.R. § 570.22, and BOP policy (Doc. 15-1 at 18) provide that when BOP considers an inmate for placement in an RRC, it is to utilize the five factors sets forth in 18 U.S.C. § 3621(b).

The only document Petitioner cites in support of this claim is a February 6, 2009 form, called "Life Skills Development Plan." The only relevant item on this form is one line that states he is not eligible for RRC due to his release date. (Doc. 1 at 68-69.) This form, with no context or explanation, fails to establish BOP policy. Additionally, the form may reflect Petitioner's ineligibility for RRC pre-release placement under § 3624(c), while indicating nothing about his eligibility to request transfer to an RRC. Petitioner confirmed that he has never requested placement in an RRC, therefore, there is no basis for his allegation that BOP refuses to consider him for that placement based on the remaining length of his sentence.

Petitioner has failed to establish that BOP policy violates 18 U.S.C. § 3621(b), therefore, he is not entitled to relief.

**C.     Additional Filings**

In addition to the briefs allowed in the Court's scheduling order, Petitioner has filed numerous additional documents. Many of these documents have been filed since briefing was completed with the filing of Petitioner's Reply on June 2, 2010 (Doc. 17).

On May 18, 2010, Petitioner requested a case status and the setting of a briefing schedule. (Doc. 12.) After Petitioner received the Court's May 13, 2010 scheduling order, he withdrew his request for status (Doc. 14 at 2); therefore, the May 18 motion for status is moot. Additionally, Petitioner clarified his claims and sought confirmation of service (Doc. 14), issues that now also are moot.

Petitioner subsequently filed three motions seeking status and/or summary judgment. (Docs. 18, 24, 29.) Because the Court is now ruling on his petition, the requests for status are moot. (Docs. 18, 24.) Further, because Petitioner is not entitled to relief on his petition, the motions for summary judgment should be denied. (Docs. 18, 24, 29.)

Petitioner also has filed three documents alleging retaliation for his legal work on behalf of himself and other inmates. (Docs. 21, 23, 27.) Petitioner appears to be apprising the Court

of the alleged retaliation as support for the Court issuing an immediate ruling, rather than as a basis for relief. These issues have no bearing on his entitlement to, and are not grounds for, habeas relief.[6]

Petitioner filed multiple documents alleging that BOP is not providing him adequate medical care. (Docs. 9, 25, 26, 28, 29.) He has clarified that he is not attempting to add a claim for inadequate medical care; rather, he asserts that his medical issues highlight the need for BOP to consider him for placement in an RRC. (Doc. 9 at 1; Doc. 25 at 2; Doc. 29 at 3.) Petitioner has never requested that BOP consider RRC placement due to his medical issues nor is this issue included in the petition. Additionally, deliberate indifference to an inmate's medical needs is not a ground for habeas relief. Therefore, these filings are irrelevant to the pending petition.

The pending motions for status should be denied as moot (Docs. 12, 14, 18, 24) and the motions for summary judgment should be denied because Petitioner is not entitled to relief (Docs. 18, 24, 28).

## **CONCLUSION**

BOP has considered Petitioner for transfers and has transferred him, however, he objects to not being granted his highly specific request on his desired schedule. Petitioner has not demonstrated that the failure to accommodate his requests or current BOP policy, generally or as applied to him, is in violation of federal law. Although Petitioner seeks immediate consideration for placement in an RRC, he has never requested such placement. Additionally, Petitioner's arguments are premised on old regulations and BOP policy that has been held invalid and revised. For these reasons and the specific reasons discussed with respect to each claim, Petitioner's pending motions and the petition should be denied.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Amended Petition for Writ of Habeas Corpus (Doc. No. 7).

---

[6] To the extent Petitioner may be trying to set forth an independent claim for retaliation, such a claim is not properly raised in a habeas petition, which addresses solely whether an inmate's custody violates federal law.

1  Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
2  written objections within fourteen days of being served with a copy of the Report and
3  Recommendation. If objections are not timely filed, they may be deemed waived. If objections
4  are filed, the parties should use the following case number: **CV 09-703-TUC-FRZ**.

DATED this 6th day of December, 2010.

D. Thomas Ferraro
United States Magistrate Judge